**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0955n.06

**No. 11-2630**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Nov 05, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ARTURO WHITE, | ) | |
| | ) | |
| Petitioner - Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| JEFFREY WOODS, | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| Respondent - Appellee. | ) | MICHIGAN |
| | ) | |

**BEFORE:  KEITH, SUTTON, Circuit Judges; and BLACK, District Judge.**[*]

   **KEITH, Circuit Judge**. Petitioner Arturo White ("White") appeals his denial of a writ of habeas corpus.  At issue before this Court is: 1) whether federal habeas claims may be based upon alleged errors of a trial court pursuant to state law; 2) whether a habeas claim may be based upon a prosecutor's alleged non-compliance with the Michigan Rules of Evidence; 3) whether petitioner Arturo White is entitled to habeas relief pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, on the grounds that the Michigan Court of Appeals unreasonably determined that White's constitutional rights to due process were not perniciously violated by the introduction of an investigative subpoena testimony at trial; and 4) whether White has standing to challenge alleged violations of a witness's rights by the prosecutor.

---

   [*] The Honorable Timothy S. Black, United States District Judge for the Southern District of Ohio, sitting by designation.

In 2003, White was convicted, in state court, of three counts of first-degree pre-meditated murder, three counts of first-degree felony-murder, one count of being a felon in possession of a firearm, and one count of possession of a firearm during the commission of a felony. *See White v. McQuiggin*, 2011 U.S. Dist. LEXIS 137279 at *2-3 (E.D. Mich. Nov. 30, 2011). White was sentenced to concurrent life sentences for each of the six murder convictions and thirty-eight months to five years of imprisonment for the felony gun convictions.

At trial, the prosecutor read into the record testimony that witness Romonda McCloud had previously given at an investigative subpoena hearing. When McCloud testified at trial, he rebutted his investigative subpoena testimony.

On appeal, White argued that McCloud's testimony should have been excluded from evidence because it was not given at a MRE 801(d)(1)(A) proceeding. He claimed that the introduction of the investigative testimony was a violation of his statutory and due process rights. White further claimed that the statutory and constitutional issues raised regarding McCloud's testimony were material; that no good cause existed to waive the seven-day notice rule contained in MCL 767A.4(2); that repeated acts of misconduct by the prosecutor prejudiced him; that the trial court erred by allowing the prosecutor to introduce hearsay as substantive evidence; and that a conviction for both first-degree murder and felony-murder for the killing of a single individual is violative of the constitutional guarantee against jeopardy.

White appealed to the Michigan Court of Appeals as of right. The court affirmed White's convictions, but remanded the case for modification of the judgment. White then applied for leave to appeal to the Michigan Supreme Court; his application was denied. White returned to the trial court and filed a motion for relief from judgment, alleging that McCloud's subpoena testimony violated his Fifth, Sixth, and Fourteenth Amendment rights. The trial court denied White's motion,

and his subsequent appeals to the Michigan Court of Appeals and Michigan Supreme Court were rejected.

White then commenced a 28 U.S.C. § 2254 action. The district court denied this habeas petition, *see White*, 2011 U.S. Dist. LEXIS 127279 (E.D. Mich. Nov. 30, 2011), but granted White a certificate of appealability as to the trial court's admission of McCloud's investigative testimony. The court denied White's request to expand that certificate. White now seeks habeas relief from this Court.

After carefully reviewing the district court's opinion, the parties' briefs, and the record in this case, we conclude that the district court ruled correctly in denying White habeas relief under AEDPA. The district court correctly set forth the applicable laws and correctly applied those laws to the facts contained in the record; thus, issuance of a full written opinion by this Court would serve no jurisprudential purpose. Accordingly, we **AFFIRM** the judgment of the district court for the reasons articulated in the district court's opinion, and we **DENY** White's habeas petition.